**Affirmed as Modified; Opinion Filed May 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01426-CR

### LANDON LEE LIMBERG, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 2
### Dallas County, Texas
### Trial Court Cause No. F14-32796-I

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Myers

Landon Lee Limberg appeals his conviction, following the adjudication of his guilt, for possession of lisdexamfetamine in an amount of one gram or more but less than four grams. The trial court assessed punishment at ten years' imprisonment. On appeal, appellant's attorney filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he

did not file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  We agree the appeal is frivolous and without merit.  We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment adjudicating guilt incorrectly identifies the statute for the offense as "481.115 Health and Safety Code."  Appellant was convicted for possession of a controlled substance belonging to Penalty Group 2.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.103(a)(3), 481.116(a), (c) (West 2010).  Accordingly, we modify the judgment adjudicating guilt to show the statute for the offense is "481.116 Health and Safety Code."  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment adjudicating guilt.


/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
141426F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LANDON LEE LIMBERG, Appellant

No. 05-14-01426-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the  Criminal District Court
No. 2 of Dallas County, Texas (Tr.Ct.No.
F14-32796-I).
Opinion delivered by Justice Myers,
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "481.116 Health and Safety Code."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered the 27th of May, 2015.